**HUZAN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–2130–ag.

United States Court of Appeals, Second Circuit.

March 6, 2007.

Jim Li, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, Hon. ROBERT A. KATZMANN, Circuit Judges.

Petitioner Huzan Chen, a native and citizen of China, seeks review of the April 14, 2006 order of the BIA affirming the November 23, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huzan Chen,* No. A78 928 159 (B.I.A. Apr. 14, 2006), *aff'g* No. A78 928 159 (Immig. Ct. N.Y. City Nov. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the

agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). Because the IJ's adverse credibility finding in this matter is based in significant part on improper speculation, and we cannot be certain that the IJ would reach the same result in the absence of these errors, we grant the petition, vacate the BIA's order except to the extent that it denied CAT relief, and remand for further proceedings consistent with this order.

■■■ First, the IJ found the petitioner incredible because he found it "implausible" that the petitioner would have been able to obtain an identification card while in hiding. Without some "specific evidence concerning practices in China," the IJ's conclusion that the petitioner had to appear personally to receive the identification card is speculative. *See Cao He Lin,* 428 F.3d at 405.

■ Second, the IJ rejected documents the petitioner submitted to support his claim that his wife had been sterilized because the photograph attached to his wife's X-ray was the same photograph attached to her notarial birth certificate. However, we have previously cautioned against "discount[ing] [a petitioner's] wife's x-ray certificate indicating sterilization because that certificate contained the same picture of [the] wife as her notarial birth

certificate." *Li Zu Guan v. I.N.S.,* 453 F.3d 129, 140 (2d Cir.2006).

■ Third, the IJ appears to have questioned the petitioner's credibility because of similarities between the petitioner's affidavit and a letter written by his wife. That the petitioner and his wife would provide very similar accounts of their alleged encounter with the family planning officials is not a "valid ground[ ] for disregarding [the petitioner's] testimony" in this case. *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

In light of these errors, we remand for further proceedings as to the petitioner's claims for asylum and withholding. *See Cao He Lin,* 428 F.3d at 395 (noting that we must "remand where identified errors leave us in doubt [as to] whether the IJ would have reached the same result absent the errors"). However, because Chen has not meaningfully challenged in his brief the IJ's denial of his CAT claim, this issue is considered waived and will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.